Hear, hear, hear, the United States Court of Appeals for the 11th Circuit is now open according to law. God save the United States and this honorable court. Good morning. We have four appeals today and we're familiar with your cases, counsel. We've read your briefs, the authority cited in your briefs, and we've looked at at least portions of the record. So you only have 15 minutes per side to answer questions and make the points you would like to make this morning. So you don't have to give us a lot of background. You can go straight to the heart of your argument. We probably will have some questions. If you have some rebuttal time, when the clock expires, you can finish and answer from a question to a question from the court, but do be respectful of the clock. Be mindful of the limits on our time this morning. When we're very pleased, Judge Luck and I are very pleased to have our colleague from the Middle District of Alabama, Judge Emily Marks, with us this morning. Our court has a tradition of asking the district judges of our circuit, after they have been district judges for a couple of years, to assist us with our oral argument work for a couple of days. It allows us to hear their perspective about these cases and the way they see them and their experience, and also the way they see how our precedents work or don't work. And we get to know them a bit better, and they get to see how we do our work when we review the work of the district courts. But this is extra work for Judge Marks. She's doing this over and above her regular duty, and we really appreciate her willingness to assist us with our work today and Friday. So thank you, Judge Marks, for being with us. We don't have a caseload any longer that really requires us to invite judges from other circuits to sit with us any longer, fortunately. We can do our work ourselves, but we do like to reserve several days in a year where we can sit with district judges of our own circuit. So we will continue to do that. Our first case this morning is United States v. Cody. Ms. Yard, will you please speak with us? Good morning. May it please the court, my name is Michelle Yard, and I represent Sanchez-Cody. The Johnson-Heron-Mr. Cody's case requires a resentencing hearing under the factors set out in the Brown decision. Let me tell you one issue that is a concern to me that I think we've got to nail down, and that involves this motion to dismiss because there was not a certificate of appealability. I tend to think you're right that after a motion to vacate has been granted, our precedents don't require the district court to, or a judge of this court, to issue a certificate of appealability regarding the decisions that come afterward, that is in choosing among the remedies that are available to the district court, but this isn't entirely clear to me. Our Futch decision makes clear that if there's a full resentencing and an appeal following that, we don't have to have a certificate of appealability. Futch also makes clear that if there does need to be a certificate of appealability for that, here we've got kind of the in-between issue where your argument, as I understand it, is an argument about choosing among the remedies after a motion to vacate has been granted as to whether it should be resentencing or whether it's corrective sentence, and then whatever the court does should not need a certificate of appealability. Will you help us with that? Yes, Your Honor. You're correct. I believe that the precedent in Padden, in Jeanne, which Padden was relied on in Futch and approved by this court in Futch, all support that the choice of the remedy is part of the criminal appeal, and I think that that's because an what the court reviewed on collateral review, and Mr. Cody is not appealing anything that the court reviewed in the collateral review, that he's not appealing anything to do with the merits of his Johnson claims. He's appealing... Counsel, what was appealed in Futch, though, the part that went to the amended judgment or the new judgment, had nothing to do with the choice of remedy, right? No one disputed there that resentencing was appropriate in Futch. What they wanted to at the new sentencing, I think it was a guideline error, right? Yes. So if Futch didn't really reach the issue that we have here, you would agree? I do agree that Futch is a little different, that this is more similar to Hayden and Jeanne, but... It is, but so let's start with the premise. Just assume for the moment that we have no precedent in our circuit deciding this issue. Just assume that for the moment, and assume, you know, that Hayden, as is appropriate, doesn't apply to us, or that we're free to ignore it. Let's start with 2253, which is the COA statute, because that statute says that an appeal may not be taken to the court of appeals from the final order in a proceeding under section 2255, right? What is an appeal from the final order in a proceeding under section 2255? So that's a little complicated, right? So the courts explain... I actually don't think it is that complicated, but tell me why you think it is. It's a little complicated because they call it a hybrid order, essentially, whenever a new criminal judgment arises out of 2255 relief. Well, I know that's what Hayden called it, but it seems to me that you have two things. You have the final order, which an appeal cannot be to the new judgment, making a guideline error in Hayden, assuming that the guidelines were mandatory when, in fact, they were advisory. Those things certainly derive from and stem from only the new judgment, right? I think we all can agree to that, but for those things that derive from the final order, isn't that an appeal from the final order on habeas review on a proceeding under 2255? Only to the extent that it is reviewing the final order as to the claims in the 2255. Okay, so let's break that out. So I understand that might be your position claims, but then let's take a look at 2255 because 2255 tells us exactly what happens in these orders. Remember, the cross reference is to 2255. So 2255 tells us in subsection A that you can file a motion or a claim based on a sentence imposed in violation of law, a court without jurisdiction, or other collateral attack. This would be clearly a sentence imposed in violation of the laws in the Constitution under ACCA. Okay, so then we go to B. So unless the files conclusively show that it should be granted, a court shall determine issues, make findings, and conclusions of law. If the court finds that a sentence was imposed not authorized by law, that's here, then it has to do two things. It vacates, and in that order, the remedy is to discharge, resentence, or grant a new trial, or correct as may be appropriate, right? Correct. That's all dictated by 2255. So if 2255 dictates the remedy, including the correction, or including there, then isn't that part of the final order that the appeal is taken from? No, because I see the demarcation between whether it would be a civil 2255 appeal and a criminal appeal in that sentence. The court, if there is collateral attack that merits a remedy, then the court that 2255B says that the court shall vacate the sentence. And? And at the point that the court vacates the sentence, after that, it is the exercise of new Except that 2255 dictates that there's only four remedies, and that that needs to be part of the 2255 decision, the findings of fact, conclusions of law that the court makes, right? It's not part of the 2255 decision, because those four remedies are limited by due process. Those remedies, the court can't choose any remedy at once. It has to choose the appropriate remedy that's consistent with due process. That was not subject to review in the 2255 proceedings. How is that possible when, if it's in 2255? In other words, again, let's look at the statute. It says that the court shall determine issues and make findings and conclusions with respect thereto. If there's a finding of the sentence imposed without authorized by law, the court shall vacate, set aside, and do one of four things. Those are, it's all together. So if the order requires that it vacate and do one of these four things, then how is that choice not also part of the 2255 order? What's subject to attack in the 2255 is the judgment-imposing punishment, the original judgment-imposing punishment. After that's vacated, it's a new review, right? It's a subject of new discretion, and that discretion has never been reviewed by the appellate court before. The defendant has never been entitled to direct review of that new discretion. What a criminal appeal- I guess, but you seem to be missing a step for me, because the choice of remedy seems to be within 2255, but the exercise of, once that remedy is chosen, the exercise of the new judgment, I agree, is subject to a new direct appeal. So for instance, if they choose correct, then that correction has to be by law and is separately appealable. In other words, let's say the court here corrected the sentence, and in the course of correcting it, sentenced him to 121 months, which we know would be illegal, right? Because that would be above 10 years. That would clearly be appealable as a separate issue and not subject to 2255. But the choice of remedy- I'm having trouble understanding why the choice is not also under a proceeding under 2255, which is within the statute of 2255 here, the choice. So the choice of appropriate constitutional right to be present at a resentencing, and it's not just if the court calls it a resentencing, but if it's a case that meets that two factors under Brown, whether the original sentence was undermined. Let me ask it this way, because I don't know that I disagree with you. I actually think I kind of agree with you there. Let's say the court chose resentencing, but in the course of resentencing, didn't bring the defendant in their presence. I tend to agree with you that that would be appealable as an error from the new final judgment. But the choice of resentencing seems to me to be, and I haven't heard anything to the contrary, to be within a proceeding under section 2255. And I see a distinction between the choice and then any error that flows from the actual remedy that's imposed. Chief, if she can have an opportunity to answer that. Of course. Thank you. So the new judgment is imposing new relief. And Mr. Cody has never had an opportunity to appeal the proceeding where he was authorized to have a new relief. He is appealing from new judgment in this case. And Ms. Yard, here's the problem. Okay. So we do have two different judgments here, right? And if your client's wrong about the district court making the wrong choice, okay, let's say correction of the sentence was in fact a correct choice, was the right choice. Did not have too many corrects. Correcting the sentence was the right choice. You don't quarrel, do you, with how the district court corrected the sentence if it was the right choice to correct it? Am I right? Correct. Yes. Yeah. So how do we know that that preliminary decision, whether to choose correction, is part of 2255 versus the new criminal sentence? Because 2253 limits appeals arising out of a 2255 to things that have already been subject to a round of direct appellate review. And that decision has never been subject to appellate review before. So there are lots of, the decisions that are made in 2255 have not been the subject of direct review. And Congress has required that there be a determination of whether that's basically a non-frivolous issue before you can get appellate review of that. Is that right? Yes. But whenever an appellant brings a 2255, it's attacking a specific judgment. And that judgment has had a right to be reviewed on direct review. Whenever there's a new judgment and how the judge got to that new judgment has never been attacked on direct review. It's never had an opportunity to be up on direct review. So how the judge got there in order for a defendant ever to have a right to review of that, it has to be part of the criminal appeal. Judge Marks, do you have any questions? Not yet. Thank you, Jay. Ms. Shard, you went over a few minutes, but you're going to save all your rebuttal time. So if we can, I'd like to hear from Ms. Bodnar. May it please the court, Roberta Bodnar for the United States. The choice among the remedies enumerated in the Section 2255 statute is a decision made as this one was in the context of the Section 2255 proceeding. To answer your question, Judge Pryor, how we know is a matter of statutory construction. These remedies are in Section 2255. FUDGE holds that the order is appealable as a final order when there is a denial of relief in the Section 2255 motion. And we know from other cases that the other forms of relief, discharging the prisoner or granting a new trial, those are final orders immediately appealable. We also know that when there is a resentencing, the result of that resentencing is appealable from the judgment in the criminal case. Well, that would be 2-2 for a correction, wouldn't it? Your Honor, no, I don't believe so. If there is a correction, if the district court, you would certainly admit that if the district court corrected the sentence in an erroneous manner, that would be subject to direct appeal. Yes, Your Honor. The real question is whether the choice of the remedies as part of 2255, as part of the new criminal sentence. So, you recognize that FUDGE relied on the Fourth Circuit's decision in Hatton? Yes, Your Honor, I do. And to what extent does the reasoning of FUDGE tell us that we've adopted, basically, the framework from Hatton? And if so, it may foreclose or not. What do you say about that? Okay. FUDGE adopted Hatton because in FUDGE, the court had granted a resentencing. The same thing happened in Haines. The court granted a resentencing. And so, the results of that resentencing hearing were reviewable following the resentencing based on an appeal from the criminal judgment. What Hatton did, though, if you look at footnote 5 of that opinion, Hatton concluded that the choice of remedy and whether to hold a resentencing hearing was not a constitutional question and therefore was not reviewable based on a COA. This court's opinions in Brown and in Thomason already directly conflict with that aspect of Hatton. And if Hatton had addressed this as a matter of... How was that? Can you explain it to me? Certainly. Because I don't remember those cases well enough to understand that. Okay. In Brown and in Thomason, this court viewed the resentencing without a defendant's presence or the correction of a sentence without a defendant's being present as a possible due present at a critical proceeding. That's how we got the framework in Brown. Yeah, but that's not about the decision of whether to correct or resentence. That's about how to do it once you've made the choice. Ms. Bodner, I'm not sure that you can use Brown and Thomason for the proposition that because there was a COA there that we ended up reviewing that a COA is required here, which is what I think I hear. That's true too. Before you get there, let me ask you this. So Judge Pryor started off by asking you, how do we view Hatton? So there's a citation in Fudge to the part where it says, for this part, we don't need a COA, for this part we do, and there's no need for COA here. It's cited to page 664 of Hatton. And on page 664 of Hatton, it says, if the petitioner seeks to appeal the order by challenging the district court's decision not to grant relief on some claims, he is appealing the final order in a proceeding under 2255 and must attain a COA. That's on that same page. That's actually the exact facts of Fudge, right? Because the district court there denied some claims, granted others, and the only that it sought to appeal were the claims that were denied and therefore needed a COA there. So the citation to Hatton is just to that sentence about what happens in the case of denial. It isn't an adoption of all of Hatton, right? I wouldn't think so. And again, to circle back to Judge Pryor's point, Hatton said that the question of the relief granted does not present a constitutional question. Brown and Thomason say that that is a constitutional question under Kentucky v. Stenser. So there is, I think that if Hayden had viewed, was even Brown and Thomason, I mean, you have an issue about presence of the defendant and whether the constitution requires that. That doesn't mean, though, that the choice of remedy is necessarily a constitutional question. And if it's not, then the problem I think that Ms. Yard is saying is that you could never have a certificate of appealability for this question. You could never have appellate review of it because the question of which relief is appropriate is a question of statutory law, not constitutional law. And because it's a question of statutory law, it could never satisfy the requirement for a COA. Your Honor, I think that when you look at the difference between a sentence correction, which is what was given in Brown and in Thomason, and a resentencing, which is what you had in Haynes and in Fudge, it becomes a constitutional question because the choice between the two of those has to do with presence of the defendant. I'm not saying it's a constitutional violation. I'm saying it is a constitutional question. I do think that it is incorrect to state that the sentence correction can review. Wait a minute. There's nothing that would prevent the district court from bringing a defendant in for a correction. Not if it chose to. I'm not sure that. You confused it, so that the choice of a correction versus resentencing is not necessarily a constitutional issue. The district court could bring the defendant in, could bring the prisoner in, and say, I think the right choice here is correction. I'm going to correct the sentence, not conduct a new resentencing. No COA. There can be no COA because the prisoner has to make a substantial showing of the denial of a constitutional right. The choice that it's made is a matter of statutory law, right? Well, in that case, yes. I think what we're tripping over here is the acknowledgement from correction. You could call that a resentencing hearing. The defendant's brought back, and the court is readdressing the sentence. A resentencing doesn't have to mean that the defendant is going to get a reduction of all counts of conviction on the original judgment. That doesn't have to happen. I think there was a resentencing hearing in Haines, and what happened in Haines is he corrected the one count, not all of them. In this case, all of them. I think maybe the answer to my question is this. There could be issues that are even decided in the denial of relief under 2255 that involve only errors of statutory law. They, too, can't satisfy the requirements for a COA because they're statutory errors, and a prisoner has to show, even with the denial of relief under 2255, has to make a substantial showing of the denial of a constitutional right. That would be true, and I think you see some of that in Thomason because there was that guidelines error that was inherent in the original guidelines calculation. Guidelines errors are just not cognizable in habeas at all. But 2255 contemplates exactly what the Chief has said. It allows for corrections or motions filed where there's a violation of law independent of violation of the Constitution. And yet, that would cause a problem if a remedy was denied solely on a statutory violation when it came time for a COA. In other words, there's a gap. There is a statutory gap there, but that only question for us is, what does it mean an appeal from the final order and a proceeding under section 2255, which is the jurisdictional limit of when we can decide something or not. And to that point, Your Honor, in this case, all of the briefing about whether this was a sentence, this was a case that required a sentence correction or a complete resentencing was in this section 2255 proceeding. They argued from the very beginning that the court was required to readdress every single count of conviction. They argued in several different filings with the court that these sentences were interdependent. That would be inconsistent with the reasoning of Hatton, wouldn't it? So Hayden said, if a petitioner seeks to appeal the order vacating his sentence and entering a new sentence by, quote, challenging the relief granted, whether the relief was appropriate under 2255, he is appealing a new criminal sentence and therefore need not obtain a COA. I mean, that's what Hatton said. Okay, so I would make a distinction here that Hatton didn't draw, and that I think has to be drawn. Saying that the choice to correct the sentence or saying that you need a COA to address a matter resolved in the section 2255 final order, which this was, doesn't mean... Do you agree that the passage I read to you from Hatton is just flatly inconsistent with your argument? Yes, I do. Okay. Yes, I do. Yes, I do. Counsel, let me ask you this. Is there a distinction between the choice of remedy that is made in the order and the issue of the defendant's presence, which happens when the new judgment is entered? In other words, is there not an appealable issue if the district court entered a new judgment and did it in a way that would require, as a matter of constitutional law, the defendant's presence, separate and apart from the choice of remedy? Your Honor, yes, and I think that that probably implicates, again, that question that is identified in Brown that says that there's a difference between a resentencing and correction, but it's a spectrum. Now, what happened in the original Brown decision was... In other words, it depends on what actually happens. If the court could call it a correction, but if at the time that it actually went to correct, it then changed all the different sentences, all of them together, making the comment at an open hearing that they're all interdependent with each other, that would, whatever it's called, require the defendant's presence, correct? That's a resentencing. In other words, the court can call it a correction at the time of the 2255, and that choice may be unreviewable, but the thing that is actually appealable, the new judgment, would depend on what actually happens to decide whether presence is required or not, right? But that would be appealable, and we would be able to review that. Well, that would happen, yes, but I would, again, point the court to Haynes, where a resentencing was granted, but what ultimately happened is the court only changed the sentence on the ACCA count and not all the others. There was a lot of other things going on in Haynes, some invited error and other things, but the court called it a resentencing in the final section 2255 order and then set the resentencing for a subsequent day. Here, the court took substantial briefing over whether it was required to readdress all of the counts of conviction, rejected the defendant's arguments, and entered a final order. The criminal judgment in the criminal case was only to affect that order. Now, that does not mean, as you pointed out earlier, that does not mean that errors in the criminal judgment are not reviewable, and I'll point one out to the court if I might. This case was always about firearm possession. This defendant had a firearm at one of the drug sales before the search warrant was executed. There were photographs introduced of him possessing a firearm that was consistent with the ammunition that was recovered from his home, but he is correct that the indictment charged and he was convicted of possession of ammunition. The judgment describes the 922g offense as firearm possession. That could be corrected. This court has jurisdiction to direct the correction of that judgment. We know of lots of others too. I mean, Fudge tells us that if there's a guidelines calculation error at the new whatever, whatever you want to call it, a correction hearing, a resentencing hearing, if there's a guidelines error, that too is appealable. We know that, and we also know from Hayden that where you treat the guidelines as mandatory, that too is appealable directly from the judgment. In other words, there are errors that flow from the judgment independent of the choice of remit. Yes, and I'd like to point out another one in Thomason. But the problem is, under your argument, the choice, you have to admit, the choice of whether to correct or to resentence will never be reviewable. Just the choice. Your Honor, if that were true, then there would not have been a certificate of appealability issued in Brown, and that would not have been... Just because we issued a certificate of appealability, a single judge issued a certificate of appealability, is not precedential. That doesn't mean anything. Well, I understand that, Your Honor, but I'd like to point out that in Thomason, there were two notices of appeal. One was issued in Brown, and the defendant's challenge to the reasonableness of his sentence based on the appeal and the criminal judgment was dismissed, so the only way they could reach it was from the 2255 case. Say that again. The only way they could reach the question of the choice of remedy was in an appeal from the section 2255. That was the only way to get... How could you do it, though? If it's being done properly, will you agree with me, a COA can only issue if the prisoner makes a substantial showing of the denial of a constitutional right. Exactly right. And the choice of correction versus resentencing will never, just in and of itself, never involve that. Your Honor, that is where I disagree. I think that the choice of remedy implicates the right to be present, and so in some circumstances, the choice of a mere correction... Let me restate my question and make it very clear. The choice by itself will never require a COA. Isn't that right? Your Honor, I'm not sure how I can... Oh, you don't like the question, but come on. Let's be honest here. Just the choice. Now, you say there could be constitutional issues implicated there, such as defendant's presence. That's a different issue. That's not just the choice, right? The choice itself. All we're talking about is choosing correction versus resentencing. That's going to be a statutory issue, and it will not be something for which a COA can properly issue. And isn't that particularly true if the choice is for a correction where there is no right to be present by the defendant? That doesn't implicate his constitutional rights because he has none to be present. I think you still have a constitutional question that you can address there. I do. What I also would point out is the defendant can't get to appeals. There can't be a right in a section 2255. This reminds me of what Justice Scalia used to say about constitutional issues. It used to be that when something bad would happen, people would say there ought to be a law. Now, we don't say that anymore. We see something bad happens, and we say, that's unconstitutional. There really is a line between what is a statutory error and a constitutional error. Ms. Bodnar, I don't see how you can run away from that choice. Correction versus full resentencing in and of itself is not a constitutional issue, and so there won't be a COA for that if it's being done properly. Isn't that right? Your Honor, I do understand your question. I do understand your point. I'm still stuck on the statement in Brown that there's a range of proceedings between resentencing and correction, and so I think that finding a line between a resentencing and a correction itself is a constitutional issue. How is that? Which provision of the Constitution is guiding me in choosing whether it's correction or resentencing? Again, I think... Is it due process clause? Well, no. I would have to say that maybe this is one of those times when the answer to the all of these other questions, discretionary review by the court, and the entire sentence being undermined are at issue. What I will say about this case is all of those arguments were made in the Section 2255 proceeding, and Cody has already had the denial of the COA on that ground. Well, we've gone a fair amount over and appreciate your argument. Ms. Yard, you've saved a couple minutes for rebuttal, so let's hear from you. It's a tough issue. We're going to have to resolve it. Thank you. What was briefed below was what the scope of resentencing should be. The government agreed. We filed a stipulation that Mr. Cody was entitled to relief on the 2255, but what we didn't agree on was the scope of resentencing. Mr. Cody never had an opportunity below to put on pepper evidence. Unlike the court did in Thomason, he was never invited to do so. The government was arguing that the court should exercise its discretion under the concurrent sentence doctrine to not correct the error at all because of the other sentences, and we were arguing that the court should resentence him on all of the which he could have been present, which is really the issue here. Do you agree with Judge Pryor that the choice of whether to correct or resentencing is not a constitutional one, is only a statutory one? Do you agree with that? I think it can be, yes. No, no, no, no. It is always. That was his question. No, that was not my question. Let me ask the question. Is it always? Statutory violation or statutory issue? The choice itself? Yes. No constitutional import at all. That's correct. I think that the results of that choice can result. I think that's a little inconsistent with your position on briefing where this is a matter of due process, but okay, I accept your argument now that the choice is never an issue of Yes, but as I said, I think that that choice can result in a constitutional issue because if that choice deprives a defendant who, under the Brown factors, should have received a hearing at which he could have been present because it's a critical stage. If that choice is going to result in a critical stage, then the defendant has a right to be present, and that is a constitutional issue. Does it matter at all what actually happens? In other words, let's say the court chooses correction, but then six months later hosts a full blast hearing in which it completely miscalculates the guidelines, tinkers with each of the sentences under a sentencing package for all the counts, and doesn't allow pepper evidence. You would agree that each of those things would be separately appealable, right? Yes, and so I don't think it really matters what you call the proceeding, right? Right. It matters what actually happened, right? Yes, and if there's an error in what actually happened, you have a remedy for that, right? Yes. So if you have that hearing and there's an error that happens, you have a right to direct appeal, right? I think everybody here agrees on that, but the problem is when a case like Mr. Cody's that meets the Brown factors where the sentence, the ACA error did undermine the sentence as a whole. How did it undermine the sentence as a whole because his sentence didn't change at all the overall sentence? It was still a guideline range sentence. His guidelines didn't change at all. Only one count was altered and it had no overall effect. If you look at the transcript, the ACA was a significant focal point of the sentence. The transcript of the sentencing hearing? Of the sentencing hearing. Direct me where the trial court or the district court indicated that the ACCA designation or enhancement significantly affected his decision on the sentencing. So the enhancement is specified by name at least four times in the transcript on page 7, 8, 14. Defense counsel made all of its arguments related to the enhancement. They argued on page 8 that the court can look at the career offender. They argued on page 9 that he was getting severely punished because of the operation of the law and his history for what would otherwise be very minimal. I've read the sentencing transcript and it looked to me like the district court focused on the underlying facts, not just the enhancement or the label under ACCA. The label might be gone, but the underlying facts of this defendant's criminal history remained the same, correct? The underlying facts remain the same, yes, but the label was significant. I filed a 28-J about that. How is the label significant in light of the fact that he's still a career offender under the guidelines? Right, but he's not an armed career criminal offender, which is worse, which is what life maximum. That was removed. In the court, this court, in the Johnson case from the Fifth Circuit in 1980, said that even where two of the three sentences were removed on habeas air, that the errant understanding of what the maximum sentence was justified a remand, because maybe when the judge understood what the true maximum sentence at play was, they would have given a to find that there is jurisdiction, that defendants have a right to direct appeal of this question because it results in constitutional deprivation of rights if a defendant meets the Brown factors, which Mr. Cody does. And I would ask that the court either remand for a hearing at which Mr. Cody can be present when his sentence is modified or to grant the issue in the COA and